IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION


UNITED STATES OF AMERICA ) CRIMINAL NO. 3:15-CR-286-MBS
)
vs. )
)
DENNIS OWEN PAULSEN )

## ORDER FOR FORFEITURE OF SUBSTITUTE ASSETS

This matter is before the court on the Government's Motion for Forfeiture of Substitute Assets, filed pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p). In consideration of the motion and affidavit of Paul Lee, as well as the record in this matter, the court finds as follows:

On January 22, 2016, Dennis Owen Paulsen was convicted by a jury of two counts of theft of government funds in violation of 18 U.S.C. § 641. Prior to sentencing, this Court entered a Preliminary Order of Forfeiture, ordering the defendant to forfeit $1,678,997.00 in U.S. Currency to the United States in the form of a money judgment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). On April 27, 2016, the Court sentenced Paulsen to concurrent 41 month terms, supervised release of three years, restitution, and a $200 special assessment. The Judgment and Conviction also incorporated the forfeiture money judgment of $1,678,997.00. To date, the outstanding balance on the money judgment remains $1,678,997.00.

Based on further investigation by the Government, the United States has discovered that Paulsen is the owner of real property located at 108 Ashley Ridge Road Blythewood, South Carolina 29016.

The Court finds that, pursuant to the provisions of 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2€(1)(B), the United States is entitled to the forfeiture of substitute assets,

1

including the above-referenced property, in partial satisfaction of Defendant's $1,678,997.00 outstanding money judgment.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.  Based upon the Judgment and Preliminary Order of Forfeiture as to Defendant Paulsen, Defendant's interest in 108 Ashley Ridge Road Blythewood, South Carolina 29016 is herewith forfeited to the United States for disposition in accordance with the law.

2.  Upon entry of this Order, the U.S. Marshals Service is authorized to seize and restrain the above-listed property, whether held by Defendant or by a third party, and to take any other steps deemed warranted to preserve its availability for forfeiture pending the conclusion of any third-party proceedings which may be conducted in this matter.

3.  This Order shall serve as a Writ of Entry and Inspection, authorizing the U.S. Marshals Service, and their authorized representatives to enter onto and into the premises of the above-described real property as necessary for purposes of conducting inspections, appraisals and videotaping the property, to record and document the condition, value and maintenance of the property until these proceedings are concluded.  Any occupants shall be served with a copy of this order and provided notice of the forfeiture of the said property.

4.  Any and all forfeited funds obtained from the seize and sale of the above-listed property  shall be deposited by the U.S. Marshals Service as soon as located or recovered in the Department of Justice Asset Forfeiture Fund in accordance with 28 U.S.C. §  524(c) and 21 U.S.C. §  881(e).

5.  Pursuant to 21 U.S.C. §  853(n), the United States shall publish notice of this Order and its intent to dispose of the property in such manner as the United States Attorney General directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4).  The United States may also, to the extent practical, provide written notice to any person known to have an alleged interest in the said property.

6. Any person, other than the Defendant, asserting a legal interest in the property, within thirty days of the final publication of notice or receipt of actual notice, which is earlier, may petition the court for a hearing without a jury to adjudicate the validity of such person's alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

7. Pursuant to 21 U.S.C. § 853(n)(3), any petition filed by a third party asserting an interest in the above-referenced property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and any additional facts supporting the petitioner's claim and relief sought.

8. The United States shall have clear title to the property following the court's determination of all third-party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of the third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

10. The Clerk, United States District Court, shall provide one certified copy of this Order to the United States Attorney's Office for service of interested third parties and other purposes.

        **IT IS ORDERED**.

                                s/ Margaret B. Seymour
                               MARGARET B. SEYMOUR
                               Senior United States District Judge

Columbia, South Carolina
May 18, 2016